**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

**CIVIL ACTION NO. 04-179-C**

**BANDANA CO., INC.,**                                              **PLAINTIFF,**

**V.**                              **OPINION AND ORDER**

**CREATIVE MERCHANDISING IDEAS, INC.,**
**d/b/a CRAZY MOUNTAIN SPORTS, ET AL.,**                **DEFENDANTS.**

**\* \* \* \* \* \* \* \* \* \***

This action is before the court upon the defendant's motions for relief from the court's order granting a default judgment to the plaintiff (DE 15).

In late March 2004, plaintiff's counsel sent a letter and courtesy copy of the complaint in this matter to the defendants.  After receiving the letter, counsel for the defendants contacted plaintiff's counsel.  The defendants claim that during the course of the telephone conversation, the plaintiff represented that no further action would be taken on the matter until the completion of settlement discussions. The defendants sent the plaintiff a letter denying the allegations in the complaint, but offering to settle for the "*de minimus*" [sic] amount of profits realized on the sale of one of the allegedly infringing works – $3,725.00.  The plaintiff formally served the defendants in early April 2004.  Through human error, the complaint was not forwarded to the litigation department at Creative Merchandising Ideas, Inc. ("CMI").  There was no further contact between the parties  until after the default judgment had entered.

The defendants first argue that, pursuant to Fed. R. Civ. Pro. 55(b)(2), they were entitled to receive notice of the hearing because the correspondence between the parties constitutes an "appearance" in the case.  When a party has "appeared" in an action, it is entitled to notice of an application for default judgment against it at least three days prior to a hearing on the matter.  Rule 55(b)(2).  An "appearance" may comprise informal contacts between the parties, such as letters and conversations, so long as the contacts indicate the defendants' intention to defend the lawsuit.  *Lutomski v. Panther Valley Coin Exchange*, 653 F.2d 270, 271 (6th Cir. 1981).  In this case, the court entered default judgment without a hearing but held a hearing to ascertain the amount of damages suffered by Bandana.  In *Lutomski*, the defaulting party admitted liability but continually expressed its intent to dispute the amount of damages requested by the plaintiff by asking for several extensions of time to respond to the plaintiff's allegations.  CMI exhibited no such steady and clear intent to answer the plaintiff's claims.

In order to determine whether to grant a motion to vacate a default judgment pursuant to Fed. R. Civ. Pro. 60(b), the court must apply three factors to the circumstances of the case.  *United Coin Meter Co., Inc. v. Seaboard Coastline RR,* 705 F.2d 839 (6th Cir. 1983).  First, the court must consider whether the plaintiff would be prejudiced.  *Id*.  The second inquiry is whether the defendants have meritorious defenses to the action.  *Id*.  Finally, the court must determine whether the defendants' culpable conduct led to the default.  *Id*.  If the defendants show

2

that their failure to respond to the plaintiff's complaint was the result of "mistake, inadvertence, surprise, or excusable neglect," then their conduct is not culpable. *Waifersong Ltd., Inc. v. Classic Music Vending*, 976 F.2d 290 (6th Cir. 1992).

In this case, the defendants claim that their failure to respond to the plaintiff's complaint was the result of a mistake – CMI's secretary failed to forward the summons and complaint to the appropriate person.  However, the defendants had notice that the plaintiff's complaint had been filed with the court and had received a copy of the complaint.  The defendants claim to have meritorious defenses against Bandana's infringement claims – lack of access to Bandana's works and lack of substantial similarity between the works.  In the context of Rule 60(b) motions, a "meritorious defense" is not necessarily one that will succeed, but one that is based on sound law. *Id*.  Nonetheless, the court has already found that the defendants's products are strikingly similar to Bandana's works (DE 12).

Furthermore, Bandana will be prejudiced if the court vacates the default judgment.  The plaintiff has already attended a hearing, presented arguments and evidence to the court in this matter, obtained a judgment and damages award, and attempted to collect the judgment, and that work, money, and time will have to be duplicated should the court grant the defendants' motion.

While the defendants argue that Bandana's failure to notify the defendant was in bad faith and that Bandana moved "silently and deliberately" against CMI, that is plainly not the case.  Bandana provided CMI with a courtesy copy of the

3

complaint and then formally served the complaint.  That is all that is required. Knowing that Bandana filed its complaint with the court, had the defendants chosen to do so, they could have followed up on the situation to determine why no formal service had been received.  The defendants have failed to show proper grounds for the court to vacate the default judgment in favor of the plaintiff. Accordingly,

**IT IS ORDERED** that the defendants' motion for relief from the court's judgment (DE 15) is **DENIED**.

Signed on  May 19, 2005

Jennifer B. Coffman, Judge
United States District Court

4